121  629|
f154  508|

## PIXLEY v. BERRIEN CIRCUIT JUDGE.

ARREST—CAPIAS AD RESPONDENDUM—SUFFICIENCY OF SERVICE.

The provision of Act No. 168, Pub. Acts 1899, requiring an officer, in making an arrest under a *capias ad respondendum*, to serve on defendant a copy of the writ and of the affidavits on which it is founded, is directory merely, and a failure to make such service, where defendant is not prejudiced, will not deprive the court of jurisdiction.

*Mandamus* by Frank L. Pixley to compel Orville W. Coolidge, circuit judge of Berrien county, to vacate an order quashing a writ of *capias ad respondendum*. Submitted October 3, 1899.    Writ granted November 7, 1899.

The relator brought suit, by the writ of *capias ad respondendum*, against one Calvin Totman.    The writ was issued July 1st.    The sheriff made return July 3d that he had arrested the defendant by virtue of the writ, and had him in custody as therein commanded, the defendant not having executed and delivered to him a requisite bond. Totman moved to quash the writ on two grounds: (1) That the affidavit was not sufficient; (2) that there had

been no service of the writ. The court quashed the writ upon the ground of defective service. Relator now seeks the writ of *mandamus* to compel the vacation of that order.

*O'Hara & O'Hara*, for relator.

*Lawrence C. Fyfe*, for respondent.

GRANT, C. J. (*after stating the facts*). 1. The facts set forth in the affidavit fully justify the order to hold to bail. It is not important to set them forth.

2. There was a service of the writ, but it was a defective one. The statute in existence prior to June 23, 1899, provided that the writ should be served "by arresting the body of the defendant, and keeping him in his custody until discharged according to law." Act No. 168 of the Public Acts of 1899, approved June 23d, and given immediate effect, required that the officer making the arrest should also "serve a copy of the writ, and of the affidavit or affidavits upon which said writ is founded, upon said defendant." Undoubtedly, neither the officer nor the attorney knew of the act at the time of the arrest; but this would not avail if this provision of the statute were mandatory. A similar provision has been held directory merely. *Barker* v. *Cook*, 40 Barb. 254. So a delay in serving a copy of the writ and affidavits is not fatal. *Ilsley* v. *Harris*, 10 Wis. 95. These authorities are cited in 1 Stevens, Mich. Prac. 484. The objection is purely technical, and the failure to serve the copies did not prejudice the defendant in the writ. Either he or his attorney very soon obtained copies of them, for a motion to quash was immediately made, and notice served for hearing upon the 10th of July. We think the service was not fatally defective, and did not deprive the court of jurisdiction to proceed with the case.

The writ will issue.

The other Justices concurred.