PEOPLE, *ex rel.* McCALLUM, *v.* GEBHARDT.

1. ARREST—CAPIAS AD RESPONDENDUM—PREMATURE ISSUANCE.

   The fact that a writ of capias ad respondendum was sued out on the day before the affidavit supporting it was made and the order to hold to bail indorsed, did not render it void as prematurely issued, since it was not effective until the order for bail was indorsed, and the suit was not begun until the writ was delivered or transmitted to the officer with the bona fide intention of having it served.

2. SHERIFFS AND CONSTABLES — ESCAPE — LIABILITY — ARREST — SUFFICIENCY.

   Where a defendant submitted to arrest on a capias ad respondendum and at once set about procuring bail, but before bail was procured was rescued during the time apparently devoted to securing bail, the writ was so far executed as to involve the sheriff and his sureties, though a copy of the writ and affidavit had not been served on the defendant, more especially since the service might have been at any time completed, and to hold otherwise would be to permit the sheriff to profit by his failure to perform his legal duty.

Error to Cheboygan; Shepherd, J. Submitted October 6, 1908. (Docket No. 32.) Decided November 2, 1908.

Case by the People of the State of Michigan, on the relation of Maud McCallum, against Otto H. Gebhardt, sheriff, and Jacob J. Post, Arthur M. Gerow, and John B. McArthur, sureties on his official bond, for the escape of a prisoner arrested on a capias ad respondendum. There was judgment for plaintiff, and defendants bring error. Affirmed.

*Frost & Sprague,* for appellants.

*Reilley & McPhee,* for appellee.

The defendant Otto Gebhardt during the year 1906 was sheriff of Cheboygan county; the other defendants being

sureties on his bond. On August 16, 1906, the plaintiff Maud McCallum caused to be issued out of the circuit court for Cheboygan county a writ of capias ad respondendum against one George Schoettle, an infant about the age of 13 years. On August 17, 1906, the plaintiff made an affidavit, alleging, in effect, that said George Schoettle had thrown a firecracker at her which had exploded and caused her horse to throw her from the buggy, from which she received injuries. An order for bail in the sum of $2,000 was indorsed on the writ by the circuit judge August 17, 1906. The deputy sheriff who had the writ returned that he served a copy of said summons on said George Schoettle on August 17, 1906, showing him the original with the seal impressed thereon and delivering to him a true copy thereof, and that " I took possession of the person of said defendant and he thereafter escaped from my custody." It appears that in that case the defendant George Schoettle, by his guardian ad litem, moved the court to quash the writ for the reason that the affidavit was made on a day succeeding the issuing of the writ. He also moved upon numerous affidavits to set aside the return of the sheriff as being a false return, inasmuch as no arrest was made and no copy of the writ and affidavit was served upon said defendant. The court overruled both motions, after which there was a general appearance on the part of said defendant, a plea of the general issue was filed, and, after a trial upon the merits, verdict and judgment in favor of the plaintiff for the sum of $5,000 was duly rendered. On June 24, 1907, the instant suit was brought to recover damages for an alleged unlawful escape. Plaintiff recovered a judgment for $2,100 February 17, 1908. The defendants contend:

(1) That the judgment obtained by Maud McCallum against George Schoettle is void.

*First.* Because the writ of capias therein was prematurely issued; it having been issued the day before the making of the affidavit therefor.

*Second.* Because said writ was never lawfully executed,

there never having been served upon the defendant a copy of the affidavit on which said writ was founded and said defendant never having been arrested, and the court erring in not permitting said George Schoettle to have the return amended to show that no arrest was made under the writ.

(2) That, the judgment in McCallum v. Schoettle being void, there is no basis for recovery in this case.

(3) That the writ of capias in McCallum v. Schoettle being prematurely issued, and therefore void, the sheriff was not authorized to arrest said Schoettle, and cannot therefore be sued as for an escape.

Ostrander, J. (*after stating the facts*). The writ of capias ad respondendum was not prematurely issued. The date of a writ is undoubtedly prima facie evidence of the time it was actually issued (*Howell* v. *Shepard*, 48 Mich. 472), but a suit is not commenced by writ until the writ is delivered or transmitted to an officer with the bona fide intention of having it served (*Dedenbach* v. *City of Detroit*, 146 Mich. 710). The statute (3 Comp. Laws, § 9998) permits personal actions to be commenced by capias ad respondendum in certain cases "where an order for bail shall be indorsed on the writ by a judge of the court from which the writ issues, * * * directing the amount in which bail is to be taken." The writ is, in form, both a summons addressed to the defendant to appear and defend the suit, and a command, addressed to the sheriff, to take the defendant into custody and keep him until discharged according to law. It is absolutely noneffective as authority to make an arrest until, upon the affidavit of the plaintiff, or some person in his behalf, showing the nature of the plaintiff's claim (3 Comp. Laws, § 9999), the order directing the amount in which bail is to be taken is indorsed "upon the writ." It is then, and not until then, a warrant to seize the person of the defendant. It is then issued, and upon probable cause supported by oath or affirmation. The statute does not require the filing of the affidavit with the clerk as a condition precedent to the issuing of the writ. Exhibiting it to the clerk can

accomplish no useful purpose.  It must in any event be considered by another and a judicial officer.  *Johnson* v. *Morton*, 94 Mich. 4.  The point is ruled by *Baker* v. *Dubois*, 32 Mich. 92; *Taylor* v. *Kalamazoo Circuit Judge*, 100 Mich. 181, and not by *Buckley* v. *Lowry*, 2 Mich. 418.  See, also, *Clark* v. *Kent Circuit Judge*, 125 Mich. 449.  The judgment of the plaintiff against George Schoettle is not void because the writ was prematurely issued.

, The judgment is not void because the writ was not lawfully executed.  The testimony produced upon the trial strongly tends to prove that the defendant in the capias suit was, after being taken into custody by the sheriff, rescued not by force, but by a trick.  The defendant was a boy about 13 years of age.  That he and his father understood that he was under arrest there can be no doubt.  *Josselyn* v. *McAllister*, 25 Mich. 45.  The father of the boy received from the sheriff copies of the writ and affidavit, and the officer, upon his plea, permitted the boy for the night to go home with his father, who promised to produce him in the morning and did produce him.  The father, the boy, and the sheriff journeyed in the morning to Cheboygan by rail.  The father desired to confer with counsel, and did so.  The sheriff having been induced to go away from the office of counsel so employed to the office of counsel for the plaintiff to confer with them upon the subject of the responsibility of a suggested surety upon a bond to be given to the sheriff, the boy was, by advice of one of the counsel for the father, removed from the county, and, being a resident of Cincinnati, in the State of Ohio, was placed beyond the peradventure of recapture.  As to these facts there seems to be no dispute.  It is proper to state that the attorney involved in the related transaction was not one of those now appearing for the defendants.  3 Comp. Laws, § 9995, provides the manner of execution of writs of capias ad respondendum.  This section was amended in 1899 (Act No. 168, Pub. Acts 1899) so as to read:

"Writs of capias ad respondendum shall be served by the sheriff, or other officer, by arresting the body of the defendant, and keeping him in his custody until discharged according to law, and serving a copy of the writ and of the affidavit or affidavits upon which said writ is founded upon said defendant."

In this case the sheriff has returned that he served a copy of the summons. He does not in his return mention the affidavit. We are not prepared to say that where the defendant in such an action submits to arrest, and at once sets about obtaining bail, but escapes or is rescued before bail is obtained and during the time apparently devoted to securing such bail, the writ is not so far executed as to involve the sheriff and his sureties, even although a copy of the writ and affidavit has not, in fact, been served on the defendant. The objection, in the absence of a showing of prejudice, would not have availed the defendant in the capias suit. *Pixley* v. *Berrien Circuit Judge*, 121 Mich. 629. We take into consideration, however, the fact that in this case the service of the writ, according to law, might have been at any moment completed, and that the sheriff, if his contention is admitted, would profit by his failure to perform his legal duty.

The judgment is affirmed.

GRANT, C. J., and BLAIR, MONTGOMERY, and McALVAY, JJ., concurred.