## STATE v. THOMPSON.

The amendment of the peddler's license act (Sess. Laws 1903, c. 190) by Sess. Laws 1905, c. 147, inserting in section 7, after the word "peddler," the words "or as a transient merchant, trader or dealer within the meaning of section 1 of this chapter," did not in any manner affect the constitutionality of the law.

The amendment of the peddler's license act (Sess. Laws 1903, c. 190, § 5) by Sess. Laws 1907, c. 201, changing the amount of license to be paid by the different classes of peddlers, did not in any manner affect the constitutionality of the law.

Peddler's license act (Sess. Laws 1903, c. 190), does not conflict with Const. art. 11, § 8, forbidding the levy of a tax except in pursuance of a law which shall state the object, on the theory that the burden imposed is an occupation tax; for, assuming it to be so, it is levied "in pursuance of a law" which "states the object" by providing that all sums shall be covered into the general fund for the use of the county.

The imposition of a fine by peddler's license act (Sess. Laws 1903, c. 190) for its violation does not contravene Const. Bill of Rights, art. 6, § 15, forbidding imprisonment for a debt arising out of or founded on contract.

(Opinion filed, March 2, 1910.)

Appeal from Circuit Court, Day County. Hon. J. H. McCoy, Judge.

George Thompson was convicted of peddling without having obtained a license, and he appeals. Affirmed.

*Loucks & Mather* and *A. B. Kittredge,* for appellant. *S. W. Clark, Atty. Gen., Cloyd D. Sterling, Asst. Atty. Gen.,* and *Frank Anderson, State's Atty.,* for the State.

CORSON, J. Upon an information duly filed by the state's attorney of Day county, the defendant was convicted of the offense of peddling without having first obtained a license therefor, and it is alleged in the information: "That at said time and in said county and state the above-named George Thompson, defendant, did willfully and unlawfully deal in the selling of goods, wares, and merchandise, to wit, patent medicines, as a peddler by traveling about from place to place with a vehicle drawn by two horses, without first having paid for and obtained a license to sell such goods, wares, and merchandise, all contrary to the provisions of chapter 190 of the Laws of 1903 and the laws amendatory thereto. * * *" To this information the defendant interposed the following demurrer: "Now comes the defendant, George Thompson, by his attorneys Loucks & Mather, and demurs to the information herein, for the reason that the facts alleged in the said information do not constitute a public offense, for the reason that the said law under which the defendant is held is unconstitutional, in that it violates section 17, art. 6, section 2, art. 11, and section 8, art. 11, of the state Constitution." The demurrer was by the court overruled, to which ruling the defendant duly excepted. Thereupon the information was read, and a plea of "not guilty" of the offense charged entered by the defendant. The case being called for trial, the defendant objected to the introduction of any evidence under the said information, for the reason that it did not state facts sufficient to constitute a public offense, and moved that said action be dismissed, which said motion was overruled by the court, and to the court's ruling the defendant excepted. It was then stipulated by the parties: "That the defendant, George Thompson, is in the employ of the Blue Bell Medicine Company of Watertown, S. D., and has for 30 days past been engaged in the sale

of goods, wares, and merchandise in the county of Day and state of South Dakota by traveling about from place to place in said county in a vehicle drawn by two horses, and that in so traveling about has sold much patent medicines to several persons in Day county, and that he has not, prior to the commencement of this prosecution, paid for or obtained a license to sell such goods, wares, and merchandise in conformity with the provisions of chapter 190 of the Laws of 1903 and the laws amendatory thereto, or at all." It was further stipulated: "That the said stipulation might be filed and submitted to the court as the evidence in this case, and in lieu of oral evidence, subject to all the objections of the defendant to the introduction of any evidence, and the said stipulation was thereupon admitted by the court and considered by the court as the evidence in this case." It further appears by the abstract that after the filing of this statement of the evidence, and the admission thereof, the defendant moved the court for an order dismissing the action, for the reason that there was no evidence in the record to sustain the conviction, or to show that the defendant was guilty of the offense charged, for the reason that the said statute was unconstitutional. This motion was also denied, and to the ruling of the court in denying the same the defendant excepted. It further appears by the abstract that the court thereupon rendered judgment, finding the defendant guilty of the offense charged, and adjudging him to pay a fine of $50 and accrued costs. From this judgment the defendant has appealed to this court, and assigned the following errors: "(1) That the court erred in overruling the said demurrer to the defendant's information; (2) that the court erred in overruling the defendant's objection to the introduction of any evidence, for the reason that the said information did not state facts sufficient to constitute a public offense; (3) that the court erred in overruling the defendant's motion to dismiss the action, made at the close of the state's case; (4) that the court erred in entering judgment against the defendant in the said action; (5) that the court erred in not sustaining the said defendant's demurrer to the said information." Cousel for the defendant, after stating the proceedings in their brief, conclude: "It will be noticed from the foregoing

statement of facts that the only question presented for the consideration of this court is the constitutionality of the acts of the Legislature upon which this prosecution is predicated."

The constitutionality of the act upon which this information was based was passed upon by' this court in the case of In re Watson, 17 S. D. 486, 97 N. W. 463, and the act held to be constitutional. The opinion in that case was filed December 9, 1903. Since that decision was handed down, chapter 190, Sess. Laws 1903, has been amended, but not in any particular which affects the decision in that case. Section 7 of the act was amended by the Legislature, by chapter 147, Laws 1905, by inserting, after the word "peddler" in the first line, the following words: "Or as a transient merchant, trader or dealer within the meaning of section 1 of this chapter." The section formerly read: "Any person who shall be found dealing as a peddler without having paid," etc. It now reads as follows: "Any person who shall be found dealing as a peddler or as a transient merchant, trader or dealer within the meaning of section 1, of this chapter without having paid," etc. In 1907 section 5 was amended by chapter 201 of the Session Laws, by changing the amount of license to be paid by the different classes of peddlers. It will be observed, therefore, that the amendments to the original act do not, in any manner, affect the constitutionality of the law.

Two points are made, however, by counsel for appellant, not discussed or decided in our former opinion, that it will be proper to notice. The first is: "The burden imposed is an occupation tax, and the act is therefore in conflict with section 8, art. 11, of the state Constitution," which reads as follows: "No tax shall be levied except in pursuance of a law, which shall distinctly state the object of the same, to which the tax only shall be applied." This objection is merely mentioned in the brief of counsel, and is clearly without merit. Assuming the burden imposed to be an occupation tax, it is levied "in pursuance of a law" enacted by the Legislature which "distinctly states the object of the same" by providing that all sums received shall be "covered into the county general fund for use of the county." Laws 1903, c. 190, § 6.

The second point is: "If this statute be sustained as a tax

law, clearly that provision of the act under consideration, declaring it unlawful to engage in the occupation or calling taxed unless the taxes levied thereon are paid, and providing for arrest and fine upon conviction of a violation of the said act, is clearly in excess of the powers of the Legislature, and under repeated decisions is void and of no effect." This contention is also clearly untenable, as this court in the case of City of Deadwood v. Allen, 9 S. D. 221, 68 N. W. 333, held: "A fine imposed in a civil case may be enforced by imprisonment; Bill of Rights, art. 6, § 15, merely prohibiting imprisonment for 'debts arising out of or founded upon a contract.'" And this court in its opinion says: "Counsel's contention that, unless the action is criminal, the enforcement by imprisonment of the fine imposed is in contravention of section 15 of the sixth article of the Bill of Rights, is not sustainable, as that provision relates only and expressly to 'debts arising out of or founded upon a contract.'" Clearly the penalty imposed by the provisions of the law in question for a violation of the same by fine is not prohibited by the provisions of the section of the Constitution above quoted, and, no other provision having been called to our attention which prohibits the imposition of the penalty of a fine, such penalty is within the power vested in the Legislature, and that part of the act, therefore, cannot be held to be unconstitutional.

The learned counsel for the appellant have presented a very full and exhaustive brief, citing a large number of authorities in support of their contention, but upon a careful review of same, and the decision of this court in the case of In re Watson, supra, we are satisfied that that decision is correct, and we adhere to the views therein expressed.

The judgment of the circuit court is affirmed.