CITY OF DETROIT v. PILLON

1. CRIMINAL LAW—MENS REA—WILFULNESS—STATUTES.
   Some element of "bad purpose" or "evil intention" must be present to make conduct subject to a criminal sanction when a statute makes wilfulness an element of a crime; a sufficiently "bad purpose" is that a taxpayer deliberately did not pay a tax due when he knew he ought to pay it.

2. TAXATION—CRIMINAL LAW—NONPAYMENT OF TAX.
   Mere nonpayment of a tax is not made a crime by ordinance, particularly where inability to pay is caused by conditions beyond the taxpayer's own control (Detroit city code § 21-8-5 [a]).

3. CONSTITUTIONAL LAW—TAXATION NONPAYMENT—IMPRISONMENT.
   The State Constitution does not prohibit imprisonment for nonpayment of taxes, but only for nonpayment of a debt arising out of contract (Const 1963, art 1, § 21).

4. CONSTITUTIONAL LAW—TAXATION—METHODS OF ENFORCEMENT—INCOME TAX.
   The power to impose taxes and to devise methods to enforce the collection and payment of taxes is vested in the legislative department and not the judicial department of government.

5. TAXATION—CITY INCOME TAX—ENFORCEMENT AND COLLECTION—CRIMINAL LAW.
   The legislature has unequivocally authorized both civil and criminal enforcement of the city income tax (MCLA §§ 141.501-141.699).

---

REFERENCES FOR POINTS IN HEADNOTES
[1, 2] 21 Am Jur 2d, Criminal Law § 82.
[3, 8] Constitutional provision against imprisonment for debt as applicable to nonpayment of tax, fee, or other obligation to government. 40 ALR 77.
[4-8] 51 Am Jur, Taxation § 1080.

6. Tᴀxᴀᴛɪᴏɴ—Iɴᴄᴏᴍᴇ Tᴀx—Cᴏʟʟᴇᴄᴛɪᴏɴ—Cʀɪᴍɪɴᴀʟ Sᴀɴᴄᴛɪᴏɴs.
    Criminal sanctions may be had in addition to all other sanctions in an accumulation of collection and enforcement weapons for the collection of a city income tax.

7. Tᴀxᴀᴛɪᴏɴ—Iɴᴄᴏᴍᴇ Tᴀx—Cʀɪᴍɪɴᴀʟ Sᴀɴᴄᴛɪᴏɴs—Dɪsᴄʀᴇᴛɪᴏɴ.
    Imposition of criminal penalties as well as civil collection and enforcement procedures in taxation is within the discretion of the legislature.

8. Tᴀxᴀᴛɪᴏɴ—Cɪᴛʏ Iɴᴄᴏᴍᴇ Tᴀx—Cʀɪᴍɪɴᴀʟ Pᴇɴᴀʟᴛʏ.
    A criminal penalty for wilful failure to pay the Detroit city income tax making failure a misdemeanor is not forbidden by constitution and is permitted by statute (Const 1963, art 1, § 21; MCLA §§ 141.501–141.699; Detroit city code § 21–8–17).

Appeal from Recorder's Court of Detroit, Traffic and Ordinance Division, Richard M. Maher, J. Submitted Division 1 February 5, 1969, at Detroit. (Docket No. 3,792.) Decided July 29, 1969.

Gregory M. Pillon was found guilty of wilful refusal to pay city taxes. Defendant appeals. Affirmed.

*Robert Reese,* Corporation Counsel, and *Joseph Maisano,* Assistant Corporation Counsel, for plaintiff.

*Gregory M. Pillon, in propria persona.*

Before: Lᴇsɪɴsᴋɪ, C. J., and T. M. Bᴜʀɴs and J. J. Kᴇʟʟᴇʏ,* JJ.

T. M. Bᴜʀɴs, J. Defendant-appellant Gregory M. Pillon filed income tax returns with the city of Detroit pursuant to his obligation under § 21–8–5(a), Detroit city code, for the years 1963 and 1965 showing a total tax due for the two years of approxi-

---

* Circuit Judge, sitting on the Court of Appeals by assignment.

mately $65 but would not pay the taxes due. Defendant was found guilty in the recorder's court of the city of Detroit of wilful refusal to pay the taxes due which is a misdemeanor subject to a fine of $500 and imprisonment for a period not exceeding 90 days.[1]

---

[1] Sections 21–8–11(d)(2) and 21–8–17 of the Detroit city code are part of the income tax regulations of the city of Detroit which complement ordinance No. 694-F, passed by the Common Council of the city of Detroit on April 26, 1962, effective May 1, 1962. This ordinance, which was amended by ordinance No. 736-F, effective February 26, 1963, ordinance No. 789-F, effective May 16, 1963, and ordinance No. 847-F, effective March 12, 1964, remained in force from July 1, 1962 to December 31, 1964. The sections of said ordinance complemented by the foregoing regulations provide as follows:

"Recoverable as Debts. All taxes imposed by this division together with any interest and penalties thereon, shall be recoverable by the City as other debts are recoverable, in any court of record." Section 8(D)(1), Ordinance No. 694-F (§ 21–8–11(d)(2) Detroit city code).

"Penalties. In addition to any interest and penalties otherwise assessed under this division, any person who shall fail, neglect or refuse to make any return required by this ordinance, or any taxpayer who *shall wilfully fail, neglect, or refuse to pay the tax,* penalties and interest required by this ordinance, or any person who shall refuse to permit the controller or any agent or employee appointed by the controller in writing, to examine his books and records, or who shall knowingly make any incomplete, false or fraudulent return, or who shall attempt to do anything whatever to avoid the full disclosure of the amount of income to avoid the payment of the whole or any part of the tax, shall be guilty of a misdemeanor and shall be subject to a fine not exceeding 90 days or both such fine and imprisonment for each offense. Such fine or penalty shall be in addition to any other penalty imposed by any other section of this ordinance." Section 10, ordinance No. 694-F (§ 21–8–17) Detroit city code.

Sections 21–8–32, 21–8–40 of the code of the city of Detroit relate to §§ 81–89, and § 99 of ordinance No. 900-F. Ordinance No. 900-F was enacted by the Common Council of the city of Detroit on September 15, 1964 under authority of Act No. 284, Public Acts of 1964 (MCLA §§ 141.501–141.699). This ordinance affects income tax years subsequent to December 31, 1964. § 99 of ordinance No. 900-F (§ 21–8–40 city code; MCLA § 141.699), provides as follows:

"Each of the following violations of this ordinance is a misdemeanor and is punishable, in addition to the interest and penalties provided under the ordinance, by a fine not exceeding $500, or imprisonment for a period not exceeding 90 days or both:

"(a) Wilful failure, neglect or refusal to file a return required by the division.

"(b) Wilful failure, neglect or refusal to pay the tax, penalty or interest imposed by the division.

"(c) Wilful failure of an employer to withhold or pay to the city a tax as required by the division.

Defendant, an attorney, does not attempt to challenge the constitutionality of the tax nor does he deny his obligation to pay the tax.[2] He asserts that criminal sanctions may not be used to enforce payment of taxes. He also contends that although he refused to pay for the purpose of testing the legality of the penalty, his conduct cannot be termed "wilful" for penal purposes.

According to the defendant, "wilfulness" when used in a criminal statute requires some "evil intent" or "bad purpose." He claims this intent was not evil because he had visions of poor persons unable to pay their taxes being imprisoned for failing to pay under the ordinance. We agree that some element of a "bad purpose" must be present to make the conduct subject to criminal sanctions. We conclude, however, that it is a sufficiently "bad purpose" that a taxpayer deliberately not pay the tax due when he knew he ought to pay. We are supported in our conclusion by the federal cases dealing with similar provisions in the federal income tax (Internal Revenue Code of 1954, § 7203). We would call particular attention to *United States* v. *Litman* (CA 3, 1957), 246 F2d 206, *cert den* 355 US 869 (78 S Ct 118, 2 L Ed 2d 75), where a jury instruction as to "bad purpose" quite similar to our standard was upheld, and also the case of *United States* v. *Murdock* (1933), 290 US 389 (54 S Ct 223, 78 L Ed 381), wherein the standard of wilfulness under the federal tax statutes was given full examination.

"(d) Refusal to permit the city or an agent or employee appointed by the administrator in writing to examine the books, records and papers of a person subject to the division.

"(e) Knowingly filing an incomplete, false or fraudulent return.

"(f) Attempting to do or doing anything whatever in order to avoid full disclosure of the amount of income or to avoid payment of any or all of the tax."

[2] The constitutionality of this city income tax was upheld by the Supreme Court of this State in *Dooley* v. *City of Detroit* (1963), 370 Mich 194, before defendant's refusal to pay his taxes.

The United States Supreme Court said there, p 394, "The word is also employed to characterize a thing done without ground for believing it is lawful or conduct marked by careless disregard whether or not one has the right so to act". The conduct of the appellant in refusing to pay the tax which he admits is due certainly comes within the meaning of "bad purpose" in the concept of wilfulness under the ordinance even if his avowed purpose in challenging the constitutionality of the penalty might be considered by some to be laudable.

Defendant asserts that he refused to pay his tax and began his quixotic campaign to challenge the penalty section because he had visions of troops of poor people, who were unable to pay their taxes, being imprisoned for the failure to pay. In this, defendant has misconstrued the scope and coverage of the ordinance, for as the city-appellee asserts, mere nonpayment of a tax is not made a crime by the ordinance, particularly where inability is because of conditions beyond the taxpayer's own control.[3] The nonpayment penalty provisions in the federal income tax code have consistently been interpreted that way and we certainly agree. See *United States* v. *Palermo,* (ED Pa, 1957) 152 F Supp 825, note 9. See also, *Spies* v. *United States* (1943), 317 US 492, (63 S Ct 364, 87 L Ed 418).

The appellant never asserted any inability to pay the approximately $65 due. He admitted his purpose in not paying was to be convicted so that he might challenge the penalty sections which he claims are in conflict with Const 1963, art 1, § 21.[4]

---

[3] We do not impose, however, the restriction on the enforcing authority of a proof of ability to pay as a necessary element of a conviction for "wilful neglect, failure, or refusal to pay income tax". We believe that inability to pay may more properly be pled as a defense, but, in any event, we see it as only one indication of intent not as a controlling element of the proof. But see *United States* v. *Palermo,* (CA 3, 1958), 259 F2d 825.

We do not find it so. Initially we would point out that Const 1908, art 2, § 20, which was in effect through 1963, did not forbid imprisonment for debt where the money was to be collected by public officers. The constitutional convention comments as found in 2 Official Record, Constitutional Convention 1961, p 3365 (1 MCLA p 752, 1 Stat Ann 1965 Rev p 427) indicate that although this specific language was dropped, it was considered excess verbiage and no change in prior law was intended.

Const 1963, art 1, § 21, adopted the prior law which was that such provisions prohibit imprisonment for a debt only where it arises from a contract. *People* v. *White* (1884), 53 Mich 537. See *Dallos* v. *Garras* (1943), 306 Mich 313. Imprisonment for nonpayment of taxes then is not prohibited by Const 1963, art 1, § 21, for as the Michigan Supreme Court said in *Thompson* v. *Auditor General* (1933), 261 Mich 624, 641: "Taxes are not contractual obligations of the taxpayer to the state. Taxation is a method of raising revenue to support the government." We find, therefore, that Const 1963, art 1, § 21 has no application to the penalty sections of the uniform city income tax act as adopted by the city of Detroit in the ordinance before this Court.

We are encouraged to make this finding by the fact that similar provisions in the constitutions of other states have consistently been interpreted in a like manner.[5] The rule is stated in 51 Am Jur, § 980, p 857.

---

[4] "§ 21. No person shall be imprisoned for debt arising out of or founded on contract, express or implied, except in cases of fraud or breach of trust."

[5] *Cousins* v. *State* (1894), 50 Ala 113 (20 Am Rep 290); *McCaskell* v. *State* (1875), 53 Ala 510; *Davies* v. *Hot Springs* (1920), 141 Ark 521 (217 SW 769); *Re Diehl* (1908), 8 Cal App 51 (96 P 98); *Re Nowak* (1921), 184 Cal 701 (195 P 402); *McCool* v. *State* (1864), 23 Ind 127; *Smith* v. *State* (1864), 23 Ind 132; *Western U. Teleg. Co.* v. *Franklin* (1913), 93 Neb 704 (141 NW 819); *Lowrie* v. *State Bd. of Registration* (1917), 90 NJL 54 (99 A 927); *Ex parte Flynn*

"A tax is not a debt in the sense of an obligation incurred by contract, express or implied, and therefore is not within the meaning of constitutional or statutory provisions abolishing or prohibiting imprisonment for debt, and a statute or ordinance which punishes the nonpayment thereof by fine or imprisonment is not in conflict with that prohibition".

This same rule has been upheld in the federal courts whether faced with state or federal matters.    The district court in *United States* v. *Palermo, supra,* made this clear when it said (p 828), "it has been repeatedly held that neither the 13th Amendment nor any other Constitutional or statutory provision prevents imprisonment for nonpayment of taxes".[6]

As we have found that the trial court could properly have found that the defendant "wilfully refused" to pay the taxes due and that imprisonment for nonpayment of taxes does not violate the provision of the Michigan Constitution which prohibits imprisonment for debt, we are left with his vague assertions that the imposition of criminal as well as civil sanctions for nonpayment of a tax denies due process under both state and federal constitutions. The appellant would have us attempt to limit the

(1920), 23 Ohio NPNS 113 (31 Ohio Dec 538); *Voelkel* v. *Cincinnati* (1925), 112 Ohio St 374 (147 NE 754, 40 ALR 73); *Charleston* v. *Oliver* (1881), 16 SC 47; *Deadwood* v. *Allen* (1896), 9 SD 221 (68 NW 333); *State* v. *Thompson* (1910), 25 SD 148 (125 NW 567); *South* v. *State* (1913), 72 Tex Crim Rep 381 (162 SW 510); *Salt Lake City* v. *Christensen* (1908), 34 Utah 38 (17 LRA [NS] 898, 95 P 523); *State* v. *Seattle Taxicab & Transfer Co.* (1916), 90 Wash 416 (156 P 837).

6 See *Porth* v. *Broderick* (CA 10, 1954), 214 F2d 925, and cases there cited.   *Carrollo* v. *United States* (CA 8, 1944), 141 F2d 997; *Freeman* v. *United States* (1910), 217 US 539 (30 S Ct 592, 54 L Ed 874); *United States* v. *Smith* (WD Mich, 1945), 62 F Supp 594; *Moore* v. *Mitchell* (2 Cir, 1929), 30 F2d 600, 602 (65 ALR 1354).   28 USCA § 2007, cited by defendant, merely prevents imprisonment for debt "in any State wherein imprisonment for debt has been abolished."   See *Low* v. *Durfee* (CC Mass 1880), 5 F 256; *Stuart* v. *Reynolds* (CA 5, 1913), 204 F 709, 717–719; *Freed* v. *Central Trust Co.* (CA 7, 1914), 215 F 873, 876, 877.

means of collection of the tax to the civil remedies
and penalties provided. This we do not have power
to do, for the power to devise means of enforcing
collection and payment of taxes is vested in the
legislative departments just as certainly as the
power to impose the tax. *Thompson* v. *Auditor General, supra; Spies* v. *United States, supra.* The state
legislature of Michigan by PA 1964, No 284, MCLA
§§ 141.501–141.699 (Stat Ann 1969 Cum Supp §§ 5-
.3194[1]–5.3194[109]) unequivocally authorized both
civil and criminal enforcement of the collection of
city income tax. The defendant contends that because a recalcitrant "taxpayer" might be subjected
to both the civil and criminal penalties, the ordinance
somehow denies him due process. The principle
that criminal sanctions may be had in addition to all
other sanctions, in an accumulation of collection enforcement weapons, has been approved by the United
States Supreme Court, *Helvering* v. *Mitchell* (1937),
303 US 391 (58 S Ct 630, 82 L Ed 917); *Spies* v.
*United States, supra,* and we approve of it here.
The determination whether or not to have criminal
sanctions for nonpayment and whether they should
be accumulative or not is entirely within legislative
discretionary power.[7] The legislature of this State
has made a decision to allow the imposition of the
penalties and the city of Detroit has adopted the
criminal sanctions by ordinance. As they have acted
within their proper scope of their discretionary pow-

---

[7] The Michigan legislature has not specifically made nonpayment of
state income tax a crime. It has, however, made not filing a return
criminal when done wilfully. CL 1948, § 207.118 (Stat Ann 1960
Rev § 7.308). The legislature has imposed, however, both criminal
and civil penalties on nonpayment by a wholesaler of gasoline tax.
CL 1948, § 207.118a (Stat Ann 1960 Rev § 7.308(1)). In connection
with that tax, some support is given to our finding that mere nonpayment of city income tax does not subject to criminal sanctions,
by OAG 1933–1934, p 21, where it states that although it is criminal
not to pay over the gasoline tax, if inability to pay is due to circumstances beyond control of taxpayer then he is not guilty of any
criminal offense.

ers, this Court has no power to intervene. The defendant was found by the trial court to have wilfully not paid Detroit city income taxes for the years 1963 and 1965 on his own admissions. We find no merit in defendant's contentions regarding the constitutionality of any of the ordinances mentioned. Therefore, we affirm the conviction.

Affirmed.

All concurred.