*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

TODD JAMES HARPER,

        Defendant-Appellant.

FOR PUBLICATION
December 18, 2024
12:44 PM

No. 371144
Wayne Circuit Court
LC No. 24-000228-01-AR

Before: O'BRIEN, P.J., and MURRAY and PATEL, JJ.

PER CURIAM.

Defendant is charged with one count of willful neglect of duty under MCL 750.478. That statute provides that a public officer who willfully neglects to perform a duty "enjoined by law" commits a misdemeanor. MCL 750.478. Defendant's conduct that led to this charge occurred while he was a deputy with the Wayne County Sheriff's Department (WCSD). This case is before this Court on leave granted[1] to address defendant's argument whether an obligation contained in a policy manual issued by the WCSD that defendant was required to perform constituted a duty "enjoined by law" for purposes of MCL 750.478. We conclude that an obligation imposed by a sheriff's policy manual does not constitute a duty enjoined by law for purposes of MCL 750.478.

The prosecution offers an alternative ground for affirming. This case arose after defendant, while working at the Wayne County Jail, allegedly allowed an inmate to escape, and the prosecution contends that, by so doing, defendant willfully neglected to perform the statutory duty imposed on sheriffs and sheriff's deputies to maintain the security of the jails in their charge. We conclude that this is correct; sheriffs and sheriff's deputies have a statutory duty under MCL 51.75 to not allow inmates in their charge to escape. The complaint in this case, however, does not identify this statutory duty as the duty that defendant allegedly neglected to perform. We therefore remand to the district court to allow the prosecution an opportunity to move to amend its complaint, and then allow defendant an opportunity to respond. If the prosecution chooses not to amend its

---

[1] *People v Harper*, unpublished order of the Court of Appeals, entered July 29, 2024 (Docket No. 371144).

complaint after being given the opportunity to do so, the district court is instructed to dismiss the complaint because it is deficient as currently drafted.

## I. BACKGROUND

This case arises out of an inmate's escape from the Wayne County Jail on December 7, 2022.[2] Defendant was employed as a deputy with the WCSD and was assigned to the jail. The prosecution alleges that an inmate wearing civilian clothing escaped from the jail and ran through an alley into the street past defendant, who was taking a smoke break outside of the jail. Defendant, according to the prosecution, saw the escaping inmate and another deputy chasing the inmate, but ignored the situation and failed to assist in the inmate's capture in violation of WCSD policy.[3]

On May 16, 2023, the district court issued a misdemeanor warrant for defendant for one count of willful neglect of duty in violation of MCL 750.478. The complaint against defendant stated that defendant "did willfully neglect to perform maintaining security of the facility, a duty enjoined upon him or her by Wayne County Sheriff Policy and Procedure: Standards of Conduct Section 5.75; contrary to MCL 750.478."

Defendant moved to quash the complaint and dismiss the charge, arguing that the complaint only alleged that defendant neglected to perform a duty enjoined by the WCSD's policy manual, which was not a duty "enjoined by law" sufficient to sustain a charge under MCL 750.478. The prosecution argued in response that the WCSD's written policy directives created a duty enjoined by law for purposes of MCL 750.478, so the complaint was properly issued. The prosecution alternatively argued that sheriffs and sheriff's deputies like defendant had a duty to "maintain[] security of their facilities" enshrined in statute. At a hearing on defendant's motion, the prosecution elaborated that MCL 51.75 imposed a duty on sheriffs and sheriff's deputies to maintain the security of their jails, and additionally argued that *People v Medlyn*, 215 Mich App 338; 544 NW2d 759 (1996), supported the prosecution's argument that an obligation imposed by a sheriff's policy manual constituted a duty enjoined by law for purposes of MCL 750.478. The district court ultimately denied defendant's motion to quash, saying only that it based its decision on its review of the statutes and caselaw.

Defendant appealed this ruling to circuit court making the same arguments that he made before the district court, and the circuit court ordered that the prosecution reply to defendant's arguments. Complying with this order, the prosecution filed a brief in which it argued that "a duty 'enjoined by law' is simply any of the obligations inherent in a public office, public trust, or public employment," and that there was no requirement that a specific statute impose the duty. The prosecution thus concluded that, by failing to comply with WCSD policy, defendant willfully

---

[2] No preliminary examination was held because the sole charge against defendant is a misdemeanor to be tried in the district court. See MCL 600.8311(e) ("There shall not be a preliminary examination for any misdemeanor to be tried in a district court."). This opinion's recitation of the underlying facts is based on the factual allegations in the prosecution's brief.

[3] Defendant contends, among other things, that he did not receive an alert that an inmate escaped, and that he was unaware that the person being chased was an escaped inmate.

neglected to perform a duty enjoined by law. The prosecution added that defendant had a statutory duty to maintain security of the jail under MCL 51.75, and it believed that this provided an alternative basis to sustain the willful-neglect-of-duty charge against defendant.

At a hearing, after listening to the parties' arguments, the circuit court denied defendant's motion. The circuit court noted that, in this Court's opinion in *Medlyn*, the basis for the defendant's willful-neglect-of-duty charge was the defendant's failure to perform an obligation required by the WCSD's "policy manuals," which convinced the circuit court that, in this case, it was permissible for the prosecution to cite an obligation imposed by the WCSD's policy manual as the basis for the duty "enjoined by law" that defendant allegedly neglected to perform. The court opined in the alternative that MCL 51.75 imposed a duty on defendant that he willfully neglected to perform, but the court did not go into detail.

This appeal followed.

## II. STANDARD OF REVIEW

A district court's decision on a motion to quash is reviewed for an abuse of discretion. *People v Hawkins*, 340 Mich App 155, 173; 985 NW2d 853 (2022). A court necessarily abuses its discretion when it makes an error of law. *People v Brown*, 330 Mich App 223, 229; 946 NW2d 852 (2019). Issues of statutory interpretation are questions of law, reviewed de novo. *Id.*

## III. ANALYSIS

The statute at issue, MCL 750.478, provides:

When any duty is or shall be enjoined by law upon any public officer, or upon any person holding any public trust or employment, every willful neglect to perform such duty, where no special provision shall have been made for the punishment of such delinquency, constitutes a misdemeanor punishable by imprisonment for not more than 1 year or a fine of not more than $1,000.00.

This Court has explained that, to sustain a conviction under MCL 750.478, the prosecution must establish three elements: "(1) that the defendant was a public officer or any person holding any public trust or employment, (2) that the defendant had a duty that is enjoined by law, and (3) that the defendant willfully neglected to perform that duty." *People v Parlovecchio*, 319 Mich App 237, 241; 900 NW2d 356 (2017) (quotation marks and citation omitted).

The parties dispute the second and third elements—whether the duty that defendant allegedly neglected to perform was one "enjoined by law." In the complaint filed in this case, the prosecution alleged that defendant neglected to perform "a duty enjoined upon him or her by Wayne County Sheriff Policy and Procedure: Standards of Conduct Section 5.75." Defendant argues that an obligation contained in a sheriff's policy manual does not constitute a duty "enjoined by law" for purposes of MCL 750.48. We agree.

In support of its argument to the contrary, the prosecution principally relies on this Court's opinion in *Medlyn*. There, it was alleged that an inmate told the defendant, a Wayne County deputy sheriff working at the jail, that the inmate had been sexually assaulted, and the defendant failed to

-3-

report the inmate's allegation. *Medlyn*, 215 Mich App at 339-340. As relevant here, the trial court in *Medlyn* instructed the jury that a defendant breached a duty for purposes of MCL 750.478 if the "defendant failed to do what he was obligated by his job description to do," and the prosecution presented evidence that, as part of his job, the defendant "had a duty to report when a crime was brought to his attention" on the basis of testimony from the "Director of Programs for the" WCSD, as well as the WCSD "policy manual" and the "Wayne County Jail operating manual." *Id*. at 343. At first glance, this seems to lend support to the prosecution's argument that an obligation imposed by a sheriff's policy manual constitutes a duty "enjoined by law" for purposes of MCL 750.478. A careful reading of *Medlyn*, however, confirms that the Court did not address this issue as part of that case. When framing the issues on appeal, *Medlyn* explained that the parties did not dispute that the defendant "had a duty to report any allegations made by inmates to him." *Id*. at 341. Then, after explaining that WCSD policy required the defendant to report when a crime was brought to his attention, the Court stated that it was "[a]ssuming" that the defendant's failure to act consistent with WCSD policy amounted to a "breach[]" of duty for purposes of MCL 750.478. *Id*. at 344. It is thus apparent that *Medlyn* did not address whether an obligation imposed by a sheriff's policy manual constituted a duty "enjoined by law" for purposes of MCL 750.478; it merely assumed that it did because the issue was not raised by the parties. We accordingly agree with defendant that *Medlyn* did not address the issue presented in this case.[4]

While similarly not controlling, we find this Court's analysis in *Parlovecchio* instructive to resolving whether an obligation imposed by a sheriff's policy manual constitutes a duty "enjoined by law" for purposes of MCL 750.478. In *Parlovecchio*, the defendant was the president of a building company that contracted with a government agency to manage the construction of a new jail; the project was never completed, and the defendant was indicted under MCL 750.478. *Parlovecchio*, 319 Mich App at 239. On appeal, this Court declined to address whether the defendant-contractor was a person holding "public trust" and thus subject to MCL 750.478, opting instead to resolve the appeal on grounds that the defendant had not neglected to perform a duty "enjoined by law." *Id*. at 242. The prosecution contended that the defendant's "underlying contract" with the government created a duty "enjoined by law" for purposes of MCL 750.478. *Id*. Rejecting this argument, the *Parlovecchio* Court analogized a duty enjoined by law to a duty that could be compelled through a writ of mandamus, which "can only be issued if a governmental employee or entity had a clear legal duty to perform the [requested] act." *Id*. The *Parlovecchio* Court reasoned that because a contract does not create a legal duty that a public officer can be compelled to perform in a mandamus action, a public officer should not "be held criminally liable under MCL 750.478 for failing to perform a contractual obligation." *Id*. at 242-243. "A contract is not 'law,' " and is only "enforceable *under the law*." *Id*. at 243.[5]

---

[4] The "crux" of the parties' dispute in *Medlyn* was whether "a mere accidental, inadvertent, or negligent violation" of a duty was sufficient to support a finding that the defendant "willfully" neglected to perform the duty. *Id*. at 340-341.

[5] *Parlovecchio*'s reasoning is consistent with this Court's earlier statement in *People v Waterstone*, 296 Mich App 121, 140; 818 NW2d 432 (2012), that "MCL 750.478 addresses ministerial or nondiscretionary acts, because it speaks of performing duties 'enjoined by law.' " See *Barrow v*

Like a contract, an obligation imposed by a sheriff department's policy manual does not create a legal duty that a public officer or employee can be compelled to perform in a mandamus action, so we conclude that a sheriff or sheriff's deputy cannot be held criminally liable under MCL 750.478 for failing to perform an obligation imposed by a sheriff department's policy manual. A policy manual drafted by a sheriff's department, like a contract, is not "law." A violation of a sheriff department's policies may result in the department taking adverse employment action against the violating employee, but we hold that such a violation cannot, standing alone, result in criminal liability under MCL 750.478. Because a policy manual is not "law," it does not and cannot create a duty "enjoined by law" for purposes of MCL 750.478.

For clarity, we do *not* hold that there must be a statute that imposes a duty for the duty to be "enjoined by law" under MCL 750.478. As was the case in *Parlovecchio*, it is unnecessary for purposes of this case "to define the full reach or parameters of the word 'law' as used in the phrase 'enjoined by law' under MCL 750.478." *Parlovecchio*, 319 Mich App at 243.

That said, a statute clearly can impose a duty "enjoined by law" for purposes of MCL 750.478, and the prosecution offers several statutes that it says imposed a duty on defendant that he neglected to perform. We, like the circuit court, find persuasive the prosecution's argument that MCL 51.75 imposed a duty "enjoined by law" on defendant that he allegedly willfully neglected to perform.

MCL 51.75 states, "The sheriff shall have the charge and custody of the jails of his county, and of the prisoners in the same; and shall keep them himself, or by his deputy or jailer." We believe that MCL 51.75's statement that the sheriff or the sheriff's deputies "shall keep them" refers to "prisoners" in the sheriff's charge. This is consistent with our Supreme Court's interpretation of the predecessor statute of MCL 51.75, 2 How Stat 585, which used the identical relevant language.[6] In *Plummer v Twp of Edwards*, 87 Mich 621, 624; 49 NW 876 (1891), our Supreme Court, citing 2 How Stat 585, stated, "The sheriff is by law made custodian of the jail and of the prisoners confined therein, and *is made responsible for the keeping of the prisoners*, whether by himself or deputy." (Emphasis added.)

As used in MCL 51.75, "keep" means "to hold in custody or under guard, as a prisoner" or "to cause to stay in a particular place; detain." *Random House Webster's College Dictionary* (2005). We believe this to be the most apt definition of "keep" in this context because it is consistent with the common-law duties of the sheriff. In *White v East Saginaw*, 43 Mich 567, 570;

---

*Wayne Co Bd of Canvassers*, 341 Mich App 473, 485-486; 991 NW2d 610 (2022) (explaining that a writ of mandamus only issues for ministerial acts, and recognizing the distinction between a ministerial act and a discretionary act).

[6] "The sheriff shall have the charge and custody of the jails of his county, and of the prisoners in the same; and shall keep them himself, or by his deputy or jailer, for whose acts he shall be responsible." 2 How Stat 585. In *Bayer v Almstadt*, 29 Mich App 171, 174; 185 NW2d 40 (1970), this Court explained that the removal of the "for whose acts he shall be responsible" language in MCL 51.75 was an expression of the Legislature's "intent that under no circumstances should a sheriff be responsible for the actions of any deputy."

6 NW 86 (1880), our Supreme Court said that the common-law duties of the sheriff include "the arrest *and detention* of persons charged with the commission of a public offence." (Quotation marks and citation omitted; emphasis added). And this Court has repeatedly cited MCL 51.75 as an example of where our Legislature " 'codified the common law duties of the sheriff.' " *Leelanau Co Sheriff v Kiessel*, 297 Mich App 285, 298; 824 NW2d 576 (2012), quoting *Brownstown Twp v Wayne Co*, 68 Mich App 244, 249; 242 NW2d 538 (1976).

Considering all this together, we conclude that MCL 51.75 imposes a duty on sheriffs and sheriff's deputies to hold prisoners in their charge in custody. We further conclude that part and parcel of this duty is not allowing such a prisoner to escape. While we are unable to locate any case squarely supporting this holding, we believe it finds tangential support in *People ex rel McCallum v Gebhardt*, 154 Mich 504; 118 NW 16 (1908). In that case, the plaintiff in relevant part brought a civil suit against the sheriff for allowing a defendant, who the sheriff was required to serve with a writ to initiate civil proceedings, to escape. The sheriff had a statutory duty to serve the writ and the affidavit on which the writ was founded on the defendant, and to "arrest[] the body of the defendant, and keep[] him in custody until discharged according to law[.]" *Id*. at 508 (quotation marks and citation omitted). When the sheriff went to serve the defendant, the defendant submitted to arrest and was taken into custody, then went "about obtaining bail" but escaped before his bail was paid. *Id*. at 507-508. The sheriff argued that he was not liable for the escape because he was not authorized to arrest the defendant as he had not served the writ and affidavit when the defendant escaped. *Id*. at 508. The Court rejected this argument, reasoning that, because the defendant submitted to arrest, the writ was sufficiently executed to involve the sheriff, as the sheriff could have served the writ and supporting affidavit "at any moment." *Id*. The Court added that accepting the sheriff's argument would allow the sheriff to "profit by his failure to perform his legal duty." *Id*. While there are many obvious differences between *McCallum* and this case, we believe that *McCallum* supports our conclusion that a sheriff fails to perform a statutory duty to "keep" someone in custody by allowing that person to escape.

Despite this conclusion, we offer no opinion on whether the prosecution has sufficiently alleged that defendant in this case willfully neglected to perform a duty under MCL 51.75 because the prosecution in its complaint did not identify this as the duty that defendant allegedly neglected to perform. The prosecution alleged only that defendant willfully neglected to perform a duty imposed by the WCSD policy manual. We accordingly remand this case to the district court to allow the prosecution the opportunity to file a motion to amend its complaint to allege that defendant willfully neglected to perform a duty enjoined by MCL 51.75. See *People v Carlton*, 313 Mich App 339, 352-353; 880 NW2d 803 (2015) (explaining that a prosecutor may move to amend a complaint). If such a motion is filed, defendant shall be given the opportunity to respond. Then, after hearing from the parties, the district court can decide whether an amendment to the complaint is warranted.

## IV. CONCLUSION

For the reasons explained in this opinion, we hold that the WCSD's policy manual could not and did not create a duty "enjoined by law" sufficient to sustain a charge under MCL 750.478. We further hold that MCL 51.75 imposed a duty on defendant, as a sheriff's deputy assigned to the jail, to hold prisoners in custody, and part and parcel of this duty was not allowing a prisoner to escape. We decline, however, to opine on whether the prosecution's allegations are sufficient

to sustain a charge that defendant willfully neglected to perform this duty enjoined by MCL 51.75 because the prosecution did not allege this in its complaint. We instead remand this case to the district court to allow the prosecution the opportunity to file a motion to amend its complaint, and to allow defendant an opportunity to respond. If the prosecution elects not to amend the complaint, the district court is instructed to dismiss the complaint because it is inadequate as currently drafted.

Remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.

/s/ Colleen A. O'Brien
/s/ Christopher M. Murray
/s/ Sima G. Patel