PEOPLE v LOCKETT (ON REHEARING)

Docket No. 236461. Submitted July 16, 2002, at Grand Rapids. Decided
    July 26, 2002. Submitted on rehearing August 27, 2002. Decided
    September 6, 2002. Approved for publication November 1, 2002, at
    9:15 A.M.

    Scott M. Lockett, a registrant under the Sex Offenders Registration
    Act (SORA), MCL 28.271 *et seq.*, was charged in the 8th District
    Court with the felony of wilfully violating the SORA by failing to
    notify a local law enforcement agency, the sheriff's department, or
    the State Police of his change of address within ten days of mov-
    ing. The defendant had instead notified his probation officer of the
    change of address. At the preliminary examination, the court, Ann
    L. Hannon, J., denied the prosecution's motion for a bindover and
    dismissed the charge, ruling that there was insufficient evidence of
    wilful violation of the SORA. On appeal by the prosecution, the
    Kalamazoo Circuit Court, William G. Schma, J., affirmed the district
    court's decision. The prosecution appealed by leave granted. The
    Court of Appeals, NEFF, P.J., and WHITE and OWENS, JJ., in an unpub-
    lished opinion per curiam, issued July 26, 2002 (Docket No.
    236461), reversed and remanded for trial in the circuit court. The
    Court subsequently granted a rehearing and vacated its opinion.

    On rehearing, the Court of Appeals *held*:

    1. The district court did not err in determining that a "wilful" vio-
    lation of the SORA requires something less than specific intent, but
    requires a knowing exercise of choice.

    2. The district court erred in dismissing the case on the basis
    that the evidence would not warrant a cautious person to believe
    that the defendant's failure to notify his local law enforcement
    agency was wilful. The testimony of the defendant's probation
    officer was sufficient to establish probable cause to believe that
    the defendant knew he was required to update his address with the
    police department whenever he moved and that he purposely failed
    to do so.

    Reversed and remanded to the district court with instructions to
    bind over the defendant to the circuit court for trial.

*Jennifer M. Granholm*, Attorney General, *Thomas L. Casey*, Solicitor General, *James J. Gregart*, Prosecuting Attorney, and *Judith B. Ketchum*, Assistant Prosecuting Attorney, for the people.

*Milton J. Marovich*, for the defendant.

ON REHEARING

Before: NEFF, P.J., and WHITE and OWENS, JJ.

PER CURIAM. In this case against defendant for failure to comply with the Sex Offenders Registration Act (SORA), MCL 28.721 *et seq.*, the prosecution appeals by leave granted from the circuit court's order affirming the district court's dismissal of charges after a preliminary examination. We reverse and remand to the district court with instructions to bind defendant over to the circuit court for trial.

There is no question that defendant was required to register and comply with the SORA. A violation of the SORA is punishable pursuant to MCL 28.729, which provides in part:

> (1) Except as provided in subsections (2) and (3), an individual required to be registered under this act who willfully violates this act is guilty of a felony punishable as follows:
>
> (a) If the individual has no prior convictions for a violation of this act, other than a failure to comply with section 5a, by imprisonment for not more than 4 years or a fine of not more than $2,000.00, or both.

Under MCL 28.725(1)(a) defendant was required to notify a "local law enforcement agency" or sheriff's department or the state police within ten days of changing his address. "Local law enforcement agency"

is defined as "the police department of a municipality." It is undisputed that defendant reported his change of address to his probation officer, but not to the local police department or sheriff's department.

The prosecution first argues that the district court erred in concluding that defendant's change of address notice to his probation officer satisfied the SORA. The prosecution is correct in its assertion that defendant's notice to his probation officer did not satisfy the requirements of the act. It is clear, however, that the district court did not dismiss the case on the basis that the notice constituted compliance. Rather, the district court's refusal to bind defendant over was premised upon its conclusion that defendant had not acted *wilfully* when he failed to notify the local law enforcement agency of his address change. Further, the prosecution mischaracterizes the circuit court's decision when it argues that the court "noted that the probation department qualified as a 'local law enforcement agency' under the Act, because Exhibit #1 identified Defendant's probation officer as the registering official from the registering agency." The circuit court did not so note. Rather, the circuit court noted the exhibit in affirming the district court's conclusion that wilfulness had not been established.

The prosecution next asserts that the term "willful" in the SORA requires only that a defendant intend to do an act or intend an omission that is misleading; it does not require a conscious purpose or intent to mislead. Thus, the prosecution argues, both the district and circuit courts erred in concluding that the SORA requires more than a general intent, but less than specific intent. We disagree.

The district court reviewed the case law surrounding the legal meaning of the term "wilfully" and concluded that " 'willful' has been held to mean some intent, not a specific intent but some knowing exercise of choice." We find no error.

This Court, in the context of an analysis of the term "wilful" has stated that whether the fact of an omission is sufficient to support a finding of wilfulness "is an extremely murky area." *People v Medlyn*, 215 Mich App 338, 344; 544 NW2d 759 (1996). That case involved the proper definition of "wilful" in the context of the prosecution of a jail guard for wilful neglect of duty, MCL 750.478. This Court examined the meaning of the term in the following manner:

> Assuming as we must that defendant breached his duty to report [an assault on a prisoner], may we further conclude that a presumption of wilfulness is thereby established as a matter of law? Stated another way, can the jury draw the inference from a failure to report that the intent with which the omission was accomplished was a wilful intent for a "bad purpose"? This is an extremely murky area. Although there was no testimony by defendant, actual testimony regarding intent cannot be the reasonable objective of the law. Jurors may draw the inference regarding the intent with which an act was done as they draw all other inferences from any fact in evidence that to their mind fairly proves its existence. . . .
>
> This Court, interpreting the word "wilfully" in the joyriding statute, MCL 750.413; MSA 28.645, said as follows:
>
> "In this regard, also, the Michigan cases furnish little guidance. 'Wilfully' has been variously defined as 'an evil intent,' 'a bad purpose,' or a 'guilty knowledge.' Additionally, cases from other jurisdictions are also of little use. However, most decisions have concluded that 'wilfully,' at least when used in a criminal context, implies a knowledge and a purpose to do wrong." [*People v Lerma*, 66 Mich

App 566, 570; 239 NW2d 424 (1976).] [*Medlyn, supra* at 344-345.]

The *Medlyn* Court then approved a jury instruction that directed the jury that the defendant must have had a "bad purpose" in failing to report the assault and that "the 'bad purpose' element could be met upon a mere showing that defendant failed to do what he was obligated to do." *Id.* at 345. Given this definition of the term, we find no error in the district court's conclusion that "wilfully" requires something less than specific intent, but requires a knowing exercise of choice.[1]

Throughout its argument, the prosecution challenges the district court's "findings of fact" and its conclusion that defendant's conduct was not "wilful" and the circuit court's review of the district court's decision. We agree that the district court erred in dismissing the case on the basis that the evidence would not warrant a cautious person to believe that defendant's failure to notify the local law enforcement agency was wilful. The evidence presented at the preliminary examination established that although defendant notified his probation officer of his change of address, he did not so inform the Kalamazoo police. Defendant's notification to his probation officer, an arm of the state Department of Corrections, did not constitute notification to a "local law enforcement agency" as that term is defined in the SORA. Defendant's initial probation officer testified that he registered defendant pursuant to the SORA in October 1995.

---

[1] We recognize that ignorance of the law is no excuse. *People v Munn*, 198 Mich App 726, 727; 499 NW2d 459 (1993). However, the statute at issue imposes its own requirement that a violation be wilful.

That original registration listed defendant's address as 1817 Shire Lane and the document was signed by defendant. The probation officer also testified that his caseload consisted entirely of sex offenders and that he gave each one a standard speech that informed them that they must update their address each time they moved. The probation officer testified that he specifically told the probationers that the update must be made at the police station, not with the probation office where they were originally registered. This testimony is sufficient to establish probable cause to believe that defendant knew he was required to update his address with the police department whenever he moved and that he purposely failed to do so.

In dismissing the charges against defendant, the district court discounted the probation officer's credibility, stating that it "had reservations about the completeness and the accuracy of his recollections." However, the evidence created a situation in which "the evidence introduced at the preliminary examination conflicts or raises a reasonable doubt about the defendant's guilt," and therefore, "the magistrate must let the factfinder at trial resolve those questions of fact." *People v Hudson*, 241 Mich App 268, 278; 615 NW2d 784 (2000). Therefore, the district court's conclusion—that there was no evidence to support a finding of wilfulness—was incorrect and the district court was required to bind defendant over for trial. The circuit court erred in affirming the dismissal.

Given our disposition of this issue, we need not address the prosecution's remaining issues on appeal.

While we reject many of the prosecutor's characterizations and arguments, we agree that the charge should not have been dismissed.

Reversed and remanded to the district court with instructions to bind defendant over to the circuit court for trial. We do not retain jurisdiction.