# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

TERRY REESE DARNELL,

        Defendant-Appellant.

UNPUBLISHED
August 11, 2016

No. 327559
Ionia Circuit Court
LC Nos. 2014-016193-FH;
        2014-016197-FH

Before: SERVITTO, P.J., and MARKEY and GLEICHER, JJ.

PER CURIAM.

Defendant, Terry Reese Darnell, was convicted by a jury of three counts of failure to comply with the Sex Offenders Registration Act (SORA), MCL 28.721, *et seq*. Defendant was sentenced to 14 to 96 months' imprisonment on each of his convictions. We vacate one of defendant's convictions for failure to comply with SORA but affirm his remaining convictions, and remand to correct the judgment of sentence and the presentence investigation report.

Defendant first challenges the sufficiency of the evidence presented at trial. We review challenges to the sufficiency of the evidence de novo. *People v Ericksen*, 288 Mich App 192, 195; 793 NW2d 120 (2010). Viewing the evidence in a light most favorable to the prosecution, we must determine whether the evidence was sufficient to justify the jury's finding that the essential elements of the charged crimes were proven beyond a reasonable doubt. *People v Harverson*, 291 Mich App 171, 175; 804 NW2d 757 (2010). In making this determination, we resolve all conflicts in the evidence in favor of the prosecution. *Ericksen*, 288 Mich App at 196. Circumstantial evidence and all reasonable inferences drawn therefrom constitute satisfactory proof of the crime. *People v Carines*, 460 Mich 750, 757; 597 NW2d 130 (1999).

MCL 28.729(1) states that, except as otherwise provided, "an individual required to be registered under [the SORA] who willfully violates this act is guilty of a felony . . . ." An individual required to be registered under the SORA must report as follows:

> (1) An individual required to be registered under this act who is a resident of this state shall report in person and notify the registering authority having jurisdiction where his or her residence or domicile is located immediately after any of the following occur:

> (a) The individual changes or vacates his or her residence or domicile.

-1-

* * *

(g) The individual purchases or begins to regularly operate any vehicle, and when ownership or operation of the vehicle is discontinued. [MCL 28.725.]

As used in MCL 28.725(1), the term "immediately" means "within 3 business days." MCL 28.722(g).

Two of defendant's convictions under the SORA were based on his failure to report a change in address. The jury heard testimony that defendant moved into a new residence on December 3, 2013, but a certified record of his sex offender registration documentation established that he did not report his change in address until December 18, 2013. Thus, defendant failed to report his change in address within three business days as required by MCL 28.725(1)(a). Testimony further established that defendant changed residences again in late April or early May 2014. None of the witnesses knew the exact date of defendant's move; however, regardless of whether defendant moved in April or May 2014, defendant did not report his change of address until June 2, 2014. Accordingly, the evidence was that defendant did not report his change of address "within 3 business days." MCL 28.722(g).

Nevertheless, defendant argues that even if the evidence established his failure to report the changes in address in a timely manner, the evidence was insufficient to show that he *willfully* violated the act. We disagree. In *People v Lockett (On Rehearing)*, 253 Mich App 651, 655; 659 NW2d 681 (2002), this Court found that the district court did not err in concluding that the term "willfully" "requires something less than specific intent, but requires a knowing exercise of choice." The defendant in *Lockett* knew that he was required to update his address when he moved, but he failed to do so. *Id.* at 655-656. Similarly here, the prosecutor entered into evidence a form that defendant signed that explained his reporting requirements when he changed or vacated a residence. Additionally, defendant's certified sex offender registration records showed that he had reported a change in address more than 20 times since he was first required to register in 1999. Viewing this evidence in a light most favorable to the prosecution, *Harverson*, 291 Mich App at 175, we find that the evidence was sufficient to establish that defendant willfully violated the SORA by failing to report his changes in address.

Defendant's remaining conviction for violating the SORA was premised on his failure to report his vehicle information under MCL 28.725(1)(g). This reporting requirement was added by 2011 PA 17 and took effect on July 1, 2011. Plaintiff concedes on appeal that the evidence was insufficient to sustain this conviction because there was no evidence presented to show that defendant purchased or began to regularly operate any vehicle *after* this reporting requirement went into effect. Before that time, defendant was not required by statute to report when he purchased or began to operate a vehicle. See MCL 28.725, as amended by 2006 PA 402. While there was evidence that defendant owned and operated a vehicle after 2011, defendant testified that he acquired the vehicle in 2005. Accordingly, we agree with plaintiff and vacate defendant's conviction for failing to comply with the SORA on this basis.

Lastly, defendant argues that the verdict was against the great weight of the evidence. Because defendant did not preserve this argument by moving for a new trial, *People v Winters*, 225 Mich App 718, 729; 571 NW2d 764 (1997), we review defendant's claim for plain error

affecting his substantial rights, *People v Brantley*, 296 Mich App 546, 553; 823 NW2d 290 (2012).

A verdict is against the great weight of the evidence when the evidence so heavily preponderates against the verdict that a serious miscarriage of justice would result if a new trial is not granted. *Id*. Generally, a verdict may only be vacated when it is not reasonably supported by the evidence, and it "is more likely attributable to factors outside the record, such as passion, prejudice, sympathy, or other extraneous considerations." *People v Plummer*, 229 Mich App 293, 306; 581 NW2d 753 (1998). "[C]onflicting testimony or questions concerning the credibility of the witnesses are not sufficient grounds for granting a new trial," *Brantley*, 296 Mich App at 553, because it is the role of the fact-finder to determine questions of fact and assess credibility, *People v Lemmon*, 456 Mich 625, 637; 576 NW2d 129 (1998). Questions regarding credibility are not sufficient grounds for relief unless the "testimony contradicts indisputable facts or laws"; the testimony is "patently incredible or defies physical realities"; the testimony is "material and . . . so inherently implausible that it could not be believed by a reasonable juror"; or the testimony "has been seriously impeached and the case is marked by uncertainties and discrepancies." *Id.* at 643-644 (citations and quotation marks omitted).

Defendant fails to establish that the evidence presented at trial preponderated so heavily against the verdict such that a miscarriage of justice would result if he were not afforded a new trial. Although defendant claims that no witness established that he failed to timely register his address changes under the SORA, the record refutes his claim. Several witnesses testified about the dates or time frame that defendant moved in and out of his different residences. When one compares those dates with the certified record of defendant's sex offender registration, it is evident that he had failed to report his address changes within the requisite three-day time period. Defendant fails to point to any testimony that contradicted indisputable facts, was patently incredible, or was inherently implausible. *Id.* Therefore, the evidence submitted to the jury did not preponderate heavily against the verdict such that a miscarriage of justice would result if defendant were not granted a new trial. See *Brantley*, 296 Mich App at 553.

We vacate defendant's conviction for failing to report his vehicle information under MCL 28.725(1)(g); we affirm defendant's other convictions. We remand to the trial court to correct the judgment of sentence and presentence investigation report. We do not retain jurisdiction.

/s/ Deborah A. Servitto
/s/ Jane E. Markey
/s/ Elizabeth L. Gleicher

-3-