*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

UNPUBLISHED
July 23, 2019

Plaintiff-Appellee,

v

No. 343797
Ionia Circuit Court
LC No. 2017-017073-FH

LEONARD MELVIN WARD,

Defendant-Appellant.

Before: SAWYER, P.J., and BORRELLO and SHAPIRO, JJ.

PER CURIAM.

Defendant, Leonard Melvin Ward, appeals as of right his jury conviction for failing to register as sex offender, second offense, MCL 28.729(1)(b). The trial court sentenced defendant as a fourth-offense habitual offender, MCL 769.12, to 2 years to 15 years' incarceration. The trial court also ordered defendant to pay $1,500 in court costs. For the reasons set forth in this opinion, we affirm defendant's conviction, but remand to the trial court for a hearing to establish the factual basis for the $1,500 in court costs.

## I. BACKGROUND

Both sides stipulated that defendant was convicted of a crime requiring him to register his address with local authorities under the Sex Offenders Registration Act ("SORA"), MCL 28.721 *et seq*. Around December 5, 2016, Officer Alex Melinn attempted to locate defendant using the phone number and associated address on his registration record, but he could not locate defendant. Officer Melinn began investigating and confirmed that defendant had not reported his change of address.

Officer Melinn tracked defendant to his parents' home and confronted him. Defendant explained that his former roommates asked him to leave or kicked him out. When Officer Melinn explained that he had been looking for defendant since December 5, defendant deflected answering and changed the topic.

Eventually, the prosecution charged defendant with failing to register his address as a sex offender. At trial, Melinn admitted that he never asked defendant why defendant did not register

when he changed addresses. Defendant moved for a directed verdict of acquittal on this basis, arguing that the prosecution failed to provide any evidence that defendant's failure to register was willful. The trial court denied this motion because it believed that the jury could still infer willfulness from the defendant's actions.

Defendant later testified and claimed that he became homeless in September 2016 and that he forgot to register between the September and December time frame. He claimed that he knew he could register as homeless, but he also claimed that he forgot to register because of a combination of anxiety and depression. Defendant also admitted that someone read him the original "Sex Offender Registration" form and instructions to register after his previous conviction. The prosecution also introduced this form into evidence, bearing defendant's signature. Ultimately, jury found defendant guilty of violating SORA by failing to register.

At sentencing, the trial court sentenced defendant to 2 to 15 years. The trial court also imposed $1,500 in court costs, absent any explanation or factual basis for this calculation.

## II. ANALYSIS

On appeal, defendant challenges the sufficiency of evidence supporting his conviction. Defendant argues that the prosecution presented insufficient evidence of his willfulness because Officer Melinn never provided any direct evidence that defendant made a conscious decision to not register, as opposed to having just forgotten.

In the context of a jury verdict, "[t]he standard of review is deferential: a reviewing court is required to draw all reasonable inferences and make credibility choices in support of the jury verdict." *People v Nowak*, 462 Mich 392, 400; 614 NW2d 78 (2000). " 'Circumstantial evidence and reasonable inferences arising from the evidence can constitute satisfactory proof of the elements of the crime.' " *Id.*, quoting *People v Carines*, 460 Mich 750, 757; 597 NW2d 130 (1999).

An individual required to register under SORA must report in person "immediately" after the individual changes or vacates a residence. MCL 28.725(1)(a). The SORA defines "immediately" as "within 3 business days." MCL 28.722(g). If the individual "willfully" violates this or any other portion of the SORA, the individual is guilty of a felony. MCL 28.729(1). Our case law interpreting the word "willful" has been described as "an extremely murky area." *People v Medlyn*. 215 Mich App 338, 344; 544 NW2d 759 (1996). However, following this Court's decision in *Medlyn*, we held in *People v Lockett (On Rehearing)*, 253 Mich App 651, 654-655; 659 NW2d 681 (2002) that ' "willfully' requires something less than specific intent, but requires a knowing exercise of choice."

Applying that standard to the record evidence submitted in this case, we note that the prosecution presented defendant's registration form which showed that defendant had previously been registered at his old residence but was not registered at the new residence. As found in *Lockett*, 253 Mich App at 656, this information was sufficient to establish that defendant knew he was required to update his address. Having produced sufficient evidence that defendant had knowledge of his duty to register, the State still needed to prove that defendant exercised a choice or a purpose not to register, Cf, *People v Lerma*, 66 Mich App 566, 570; 239 NW2d 424

(1976), as quoted in *Medlyn*, 215 Mich App at 344-345. At trial, Melinn described defendant as nervous when confronted about his change of address, and although defendant's silence on his failure to register could be interpreted a number of ways, a "jury may infer consciousness of guilt from evidence of lying or deception." *People v Unger*, 278 Mich App 210, 227; 749 NW2d 272 (2008). "Even in a case relying on circumstantial evidence, the prosecution need not negate every reasonable theory consistent with the defendant's innocence, but need merely introduce evidence sufficient to convince a reasonable jury in the face of whatever contrary evidence the defendant may provide." [*People v Hardiman*, 466 Mich 417, 423-424; 646 NW2d 158 (2002) (quotation marks and citation omitted).] The implication of this circumstantial evidence is that defendant was aware of his registration requirements and made a choice not to register. The trial court did not therefore err when it denied defendant's motion for a directed verdict.

Turning next to the evidence submitted by way of defendant's testimony,   defendant confirmed that it was his signature on the registration document, which bore instructions regarding how to register if he was homeless. While defendant claims that he forgot or did not understand that he could register as homeless, this is the type of credibility determination that we leave to a jury to decide. See *People v Wolfe*, 440 Mich 508, 517-518; 489 NW2d 748 (1992). "[I]t is simply not the task of an appellate court to adopt inferences that the jury has spurned." *Hardiman*, 466 Mich at 431.

Following review of the record evidence presented "in a light most favorable to the prosecution," the jury could have found that defendant's claims of a bad memory were a facade, and that his failure to register was willful. See *People v Herndon*, 246 Mich App 371, 415; 633 NW2d 376 (2001) (quotation marks and citation omitted). Therefore, defendant's claim that there was insufficient evidence for the jury to convict him fails.

Defendant also challenges the trial court's imposition of $1,500 in court costs. On this issue we commend the State for its candor in admitting error.   As the State recognizes: "[C]ourts may impose costs in criminal cases only where such costs are authorized by statute." *People v Cunningham*, 496 Mich 145, 149; 852 NW2d 118 (2014). MCL 769.1k(1)(b)(*iii*) authorizes trial courts to impose "any cost reasonably related to the actual costs incurred by the trial court." MCL 769.1k(1)(b)(*iii*). Therefore, the trial court only had statutory authority to assess defendant $1,500 in court costs if those costs were "reasonably related to the actual costs incurred by the trial court." *Konopka*, 309 Mich App 345, 355; 869 NW2d 651 (2015). (quotation marks and citation omitted).

Further, here there is no factual basis from which we may determine "whether the costs imposed were reasonably related to the actual costs incurred by the trial court, as required by MCL 769.1k(1)(b)(*iii*)." *Id*. at 359-360. Therefore, we remand to the trial court for the purposes of a hearing establishing a factual basis for the $1,500 costs, "or to alter that figure, if appropriate." *Id*. at 360.

Affirmed in part and remanded in part for further proceedings.  We do not retain jurisdiction.

/s/ David H. Sawyer
/s/ Stephen L. Borrello
/s/ Douglas B. Shapiro