*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

KENNETH THOMAS MCCLELLAN,

Defendant-Appellant.

UNPUBLISHED
April 9, 2020

No. 346885
Chippewa Circuit Court
LC No. 18-003454-FH

Before: CAVANAGH, P.J., and BECKERING and GLEICHER, JJ.

PER CURIAM.

Defendant was found guilty by a jury of failure to comply with the Sex Offenders Registration Act (SORA), third offense, MCL 28.729(1)(c). The trial court sentenced defendant as a fourth-offense habitual offender, MCL 769.12, to serve 3 to 15 years' imprisonment. Defendant appeals as of right. We affirm defendant's conviction and sentence, but remand to the trial court for articulation of the factual basis for the court costs imposed.

## I. FACTS

Defendant pleaded guilty to third-degree criminal sexual conduct in 1996. As a tier III sex offender, defendant is required to register four times a year, according to his birthdate. In August 2017, defendant's parole agent received an anonymous tip that defendant was operating a fake rental property under the Facebook name of Duncan McClellan. Defendant's parole agent looked up defendant's Facebook profile picture, and the picture matched defendant. Defendant had last verified his information with his parole agent on September 26, 2017.

Defendant admitted that he did not report information about his Facebook and Twitter accounts to his parole agent. Both the Facebook and Twitter accounts were under the name of Duncan McClellan. Defendant's Facebook account has existed since 2011. Defendant had been active on Facebook since 2016, before he last verified on September 26, 2017. Defendant also tweeted from his Twitter account in 2012 and 2013.

## II.  ANALYSIS

### A.  SUFFICIENCY OF THE EVIDENCE

Defendant first argues that insufficient evidence was presented for a rational trier of fact to convict him of failure to comply with SORA.  We disagree.

This Court reviews de novo a defendant's challenge to the sufficiency of the evidence to support his conviction.  *People v Harverson*, 291 Mich App 171, 177; 804 NW2d 757 (2010).  "In examining the sufficiency of the evidence, this Court reviews the evidence in a light most favorable to the prosecut[ion] to determine whether any trier of fact could find the essential elements of the crime were proven beyond a reasonable doubt."  *People v Reese*, 491 Mich 127, 139; 815 NW2d 85 (2012) (quotation marks and citation omitted).  Evidence may be circumstantial or it may be drawn from reasonable inferences.  *People v Solmonson*, 261 Mich App 657, 661; 683 NW2d 761 (2004).  However, inferences may not be based only upon speculation.  *People v Lane*, 308 Mich App 38, 59; 862 NW2d 446 (2014).  "Due process requires that the prosecutor introduce sufficient evidence which could justify a trier of fact in reasonably concluding that defendant is guilty beyond a reasonable doubt before a defendant can be convicted of a criminal offense . . . ."  *People v Hampton*, 407 Mich 354, 368; 285 NW2d 284 (1979).  That is, "[i]f sufficient evidence is not introduced, a directed verdict or judgment of acquittal should be entered."  *Id*.

MCL 28.729(c) provides:

> Except as provided in subsections (2), (3), and (4), an individual required to be registered under this act who willfully violates this act is guilty of a felony punishable as follows:
>
> * * *
>
> (c) If the individual has 2 or more prior convictions for violations of this act, by imprisonment for not more than 10 years or a fine of not more than $10,000.00, or both.

The notification requirement under MCL 28.725(1)(f) provides that

> An individual required to be registered under this act who is a resident of this state shall report in person and notify the registering authority having jurisdiction where his or her residence or domicile is located *immediately* after any of the following occur:
>
> * * *
>
> (f) The individual establishes *any electronic mail or instant message address, or any other designations used in internet communications or postings*. [Emphasis added.]

Under MCL 28.722(g), the word immediately "means within 3 business days."  Additionally, while MCL 28.729(1) allows for criminal penalties to be imposed against "an

individual required to be registered under this act who *willfully* violates this act" (emphasis added), the SORA does not define "willfully violates" or "willfully." However, in *People v Lockett (On Rehearing)*, 253 Mich App 651, 655; 659 NW2d 681 (2002), we concluded that the term "willfully," for purposes of SORA, "requires something less than specific intent, but requires a knowing exercise of choice." *Id.*

In this case, defendant last verified his information with the Michigan State Police on September 26, 2017. Defendant admitted that the last time he verified his information with the Michigan State Police, he did not disclose his Facebook or Twitter accounts. Defendant also admitted that he has known, since 2011, that he is required to disclose all his electronic communications to law enforcement. Therefore, a reasonable jury could conclude that defendant knowingly exercised choice, *Lockett (On Rehearing)*, 253 Mich App at 655, when he failed to report information about his Facebook and Twitter accounts as required.

In sum, viewing the evidence presented in a light most favorable to the prosecution, it is sufficient to justify a rational trier of fact in finding defendant guilty of failure to comply with SORA. See *Reese*, 491 Mich at 139.

## B. REASONABLENESS OF SENTENCE

Defendant argues that his sentence was unreasonable and constituted an abuse of discretion. We disagree.

"[A] sentence is reasonable under [*People v Lockridge*, 498 Mich 358, 392; 870 NW2d 502 (2015)] if it adheres to the principle of proportionality set forth in [*People v Milbourn*, 435 Mich 630, 657-658; 461 NW2d 1 (1990)]." *People v Walden*, 319 Mich App 344, 351; 901 NW2d 142 (2017). *Milbourn*'s principle of proportionality "requires sentences imposed by the trial court to be proportionate to the seriousness of the circumstances surrounding the offense and the offender." *Id.* at 352 (quotation marks and citation omitted). If a trial court determines that the recommended guidelines range is disproportionate, it may impose a departure sentence. *People v Steanhouse (On Remand)*, 322 Mich App 233, 238; 911 NW2d 253 (2017), rev'd in part on other grounds 504 Mich 969 (2019) (quotation marks and citation omitted).

However, in this case, defendant's minimum sentence is within the properly calculated guidelines range. A sentence within the guidelines range is "presumptively proportionate." *People v Odom*, 327 Mich App 297, 315; 933 NW2d 719 (2019). This Court is required to review a defendant's sentence for reasonableness only if the trial court imposed a departure sentence. *People v Anderson*, 322 Mich App 622, 636; 912 NW2d 607 (2018). "When a trial court does not depart from the recommended minimum sentencing range, the minimum sentence must be affirmed unless there was an error in scoring or the trial court relied on inaccurate information." *People v Schrauben*, 314 Mich App 181, 196; 886 NW2d 173 (2016), citing MCL 769.34(10) ("If a minimum sentence is within the appropriate guidelines sentence range, the court of appeals shall affirm that sentence and shall not remand for resentencing absent an error in scoring the sentencing guidelines or inaccurate information relied upon in determining the defendant's sentence."). "[T]o overcome the presumption that the sentence is proportionate, a defendant must present unusual circumstances that would render the presumptively proportionate sentence disproportionate." *People v Lee*, 243 Mich App 163, 187; 622 NW2d 71 (2000). There are no unusual circumstances

in this case that would render defendant's presumptively proportionate sentence disproportionate. Defendant does not allege that the trial court relied on inaccurate information or that there was an error in scoring offense variables or any prior record variables. Accordingly, we must affirm defendant's sentence. See *Schrauben*, 314 Mich App at 196.

## C. COURT COSTS

Finally, the prosecution concedes that the trial court failed to provide a factual basis for imposing $300 in court costs. Therefore, we remand to the trial court for articulation of the factual basis for the imposition of $300 in court costs "or to alter that figure, if appropriate." *People v Konopka (On Remand)*, 309 Mich App 345, 360; 869 NW2d 651 (2015).

We affirm defendant's conviction and sentence, but remand to the trial court to establish the factual basis for the imposition of court costs. We do not retain jurisdiction.

/s/ Mark J. Cavanagh
/s/ Jane M. Beckering
/s/ Elizabeth L. Gleicher